Brinkerhoee, J.
No bill of exceptions was taken in this case. We are not-informed whether any testimony was given on the trial in the common pleas or not.. There being no showing to the contrary, the presumption is, that there was evidence sufficient to sustain the judgment of the court, if such evidence were admissible under the pleadings.
The petition sufficiently alleges the making of the covenants of seizin and warranty by Gertrude Lockwood in her individual capacity. The answer denies it; but the court find the issue of fact against her. On the face of the deed, the presumption of law is with the finding of the court. Her affix of administratrix, etc., in the fore part of the deed, and in her signature to .it — she not being named in the covenant itself as administratrix — in the absence of anything in the instrument to the contrary, is, in legal presumption, but deseriptio persones. Potts v. Rider, 3 Ohio Rep. 70. And see Day v. Brown, 2 Ohio Rep. 345, and Rawle on Cov. 556, et seq. And there is nothing in the deed to rebut this presumption. If she were an administratrix, which is not even distinctly averred in her answer, she could have no authority to convey the real estate of which her intestate died seized, except under an order of the proper court for that purpose, and to pay debts. There is no allusion to such an order in the deed, and none is averred in the answer. And even then she could not be authorized to bind the estate of her intestate by a warranty.
The absence of seizin in the defendants, and eviction by paramount title, are well enough averred in the petition; and the court found the averments to be true. No notice to Ger- *530 trade of the pendency of Bissell’s suit is averred in the petition ; but this was not necessary where, as in .this case, the want of seizin in the covenantor and eviction by paramount title are averred and presumed to be proved. The only effect of giving notice of the adverse suit is to lessen the measure of proof requisite in a suit on the covenants. Rawle on Oov. 255.
The petition alleges -that the deed, with its covenants, was made in consideration of $626 66; the answer denies any consideration. No reply was necessary. But, with or without the reply, evidence was admissible showing a consideration which would justify the amount of the recovery. The presumption is that such evidence was given.
Judgment affirmed.
Sutliee, C.J., and Peck, G-holson and Scott, J J., concurred. .